**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

INGEN1, LLC, *et al.*,          :
                                     :
      Plaintiffs,          :
                                     :
vs.                       :      CIVIL ACTION NO. 1:19-cv-183-TFM-C
                                     :
FRANKIE WENDELL ERDMAN, JR.,   :
                                     :
      Defendant.        :

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *Plaintiffs' Motion to Consolidate* and *Memorandum in Support of Plaintiffs' Motion to Consolidate* ("motion to consolidate"). Docs. 4-5, filed April 8, 2019). Plaintiffs request, pursuant to Fed. R. Civ. P. 42(a), the Court to consolidate this matter with the companion case *Erdman v. Falkner*, No. 1:18-cv-414-TFM-C [hereinafter *Erdman I*]. Doc. 4, at 1. The Court held in abeyance and suspended briefing on the motion to consolidate pending its ruling on the motion to remand in *Erdman I*. Doc. 10. The Court has ruled on the motion to remand in *Erdman I*, No. 1:18-cv-414-TFM-C, Doc. 45, and Defendant states in his Withdrawal of Motion to Remand and Request to Set Deadlines and for Rule 16 Conference that he filed in *Erdman I*, *id.* at Doc. 44, he does not oppose the motion to consolidate. This matter is ripe for disposition and for the reasons discussed below, the motion to consolidate is **GRANTED**.

## I.    STANDARD OF REVIEW

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). Fed. R. Civ. P. 42(a) "is a codification of a trial court's inherent managerial power 'to control the disposition of

the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977)). However, as noted by the plain language in the use of the word "may," the Court's decision under Fed. R. Civ. P. 42(a) is purely discretionary. *See also Eghnayem v. Boston Sci. Corp.,* 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix*, 776 F.2d at 1495) (emphasizing decision is "purely discretionary."). In exercising that discretion, the Court must take into account the following factors: (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Id*. Finally, the Court may decide to consolidate for pretrial, trial, or both.

## II.    ANALYSIS

The parties in this action are all named in *Erdman I* as defendants. The Plaintiffs' claims in this action are the same as those asserted as counterclaims by Defendants in *Erdman I*. The operative facts in this action are the same as those asserted by Plaintiff in *Erdman I*. In fact, Defendants in *Erdman I*, who include all of the Plaintiffs in this action, acknowledge in their supplemental memorandum in opposition to the motion to remand they asserted in this matter identical claims to the counterclaims they filed in *Erdman I*. *Erdman I*, No. 1:18-cv-414-TFM-C, Doc. 34, at 2-3. Because of the overwhelming similarities between this action and *Erdman I*, if this matter and *Erdman I* were consolidated, the risk of prejudice and possible confusion to the parties would be minimal, the burden on the parties and witnesses in each matter would be

minimal, judicial resources would be more efficiently spent, the length of time to conclude the matters as one suit would would be less than if these matters continued as separate suits, and the expenses to the parties would be reduced. If this matter and *Erdman I* were not consolidated, the risk of inconsistent adjudication of common factual and legal issues would be great. Accordingly, the Court finds this matter and *Erdman I* should be consolidated for the purposes of pretrial matters and the motion to consolidate is due to be granted. The Court will determine at a later time, once the issues in this matter and *Erdman I* are fully fleshed out, whether to consolidate these matters for trial purposes.

## III.     <u>CONCLUSION</u>

Based on the foregoing, Plaintiffs' motion to consolidate (Doc. 4) is hereby **GRANTED** and this matter is **CONSOLIDATED** with *Erdman v. Falkner*, No. 1:18-cv-414-TFM-C, for purposes of pretrial matters.

**DONE** and **ORDERED** this the 24th day of May 2019.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE